**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLOS OCAMPO-CEREZO, | No. 11-73735 |
| Petitioner, | Agency No. A088-915-268 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 9, 2013[**]

Before:    HUG, FARRIS, and LEAVY, Circuit Judges.

Carlos Ocampo-Cerezo, a native and citizen of Mexico, petitions for review

of a decision by the Board of Immigration Appeals ("BIA").  The BIA held that the

Immigration Judge ("IJ") properly denied Ocampo's application for cancellation of

removal under 8 U.S.C. § 1229b(b)(1) because Ocampo had not met his burden of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

proving that his removal would result in exceptional and extremely unusual hardship to his father, who is a legal permanent resident. To the extent Ocampo contends that the agency employed an improper legal standard when construing the meaning of "exceptional and extremely unusual hardship," we have jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *See Figueroa v. Mukasey*, 543 F.3d 487, 493-96 (9th Cir. 2008). We deny the petition for review.

Ocampo contends that the IJ applied the incorrect legal standard by considering his father's current situation instead of considering the hardship his father would experience in the future. As part of this argument, Ocampo contends that it was error for the IJ to take into consideration the financial support his siblings would provide to their father upon Ocampo's removal because the siblings are not lawfully in the United States. We hold that the IJ and BIA properly employed a future-oriented analysis by considering whether Ocampo's removal would result in an exceptional and extremely unusual hardship to his father and that it was permissible to take into consideration the support that his siblings would provide if Ocampo were removed. *See* 8 U.S.C. § 1229b(b)(1)(D); *Figueroa*, 543 F.3d at 497-98; *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (B.I.A. 2001) (en banc).

**PETITION FOR REVIEW DENIED**.